IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, DISTRICT 2-13, <br><br>and<br><br>COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, LOCAL 2108,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON MARYLAND, INC.,<br><br>Defendant. | Civil No. **PJM 19-0328** |

## MEMORANDUM OPINION

Having considered Defendant Verizon Maryland, Inc.'s ("Verizon's") Motion for Judgment on the Pleadings, ECF No. 14, as well as Plaintiffs Communications Workers of America, AFL-CIO, District 2-13 and Communications Workers of America, AFL-CIO, Local 2108's (collectively "CWA's") Counter-Motion for Judgment on the Pleadings, ECF No. 25, the Court has determined to decide the case on the papers. *See* Loc. R. 105.6. Accordingly, the Oral Argument set for November 25, 2019 is cancelled.

The Court finds Plaintiff CWA's arguments are well-taken and Defendant Verizon's are not. The underlying grievance submitted by CWA to Verizon on August 23, 2016 complaining of "unfair treatment," ECF No. 1-7, of Verizon employee and CWA member, Barry Hill, plainly invokes Article 11 of the Collective Bargaining Agreement ("CBA"), which governs non-discrimination, including discrimination against an employee "because of his activities in behalf of the Union," ECF No. 1-2 (CBA Article 11, Section 1). As such, the issue is arbitrable pursuant

to the CBA, which states that the CWA may submit a grievance to arbitration if it involves an "interpretation or application of any of the terms" of the CBA. *Id.* (CBA Article 12, Section 4). The Court rejects Verizon's argument that the underlying grievance is exclusively an interpretation of the Regional Attendance Plan ("RAP").

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**November 19, 2019**